**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:      THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
             THE HONORABLE CLAIRE R. KELLY, JUDGE
             THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |  |
|---|---|---|
| THE STATE OF OREGON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Court No. 26-01472 |
| | ) | |
| DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ANSWER</u>**

Pursuant to Rule 7 of the Rules of this Court, defendants, for their answer to the complaint filed by plaintiffs, admit and deny as follows:

1. The allegations in paragraph 1 constitute conclusions of law to which no response is required.

2. The allegations in paragraph 2 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

3. The allegations in paragraph 3 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, admits that the President issued a proclamation imposing duties pursuant to Section 122 of the Trade Act of 1974; otherwise denies and submits that the denial is immaterial as the case solely presents questions of law.

4. The allegations in paragraph 4 constitute legal argument, conclusions of law, and plaintiff's characterization of their case, to which no response is required. To the extent a response is required, admits to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

5. The allegations in paragraph 5 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

6. The allegations in the first sentence of paragraph 6 constitute legal argument and conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies. Admits the second sentence of paragraph 6 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

7. The allegations in paragraph 7 constitute legal argument, conclusions of law, and plaintiff's characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

8. Admits the allegations in paragraph 8 to the extent supported by the website cited, which is the best evidence of its contents; otherwise denies.

9. Admits the allegations in the first sentence of paragraph 9 to the extent supported by the document cited; otherwise denies. The remaining allegations in paragraph 9 constitute legal argument, conclusions of law, and plaintiff's characterization of its case, to which no

response is required.  To the extent a response is required, admits to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

10.    The allegations in paragraph 10 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required.  To the extent a response is required, admits the allegations to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies.

11.    The allegations in paragraph 11 constitute plaintiffs' characterization of their case to which no response is required.  To the extent a response is required, admits to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

12.    Admits the allegations in the first sentence of paragraph 12 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.  The allegations in the second sentence of paragraph 12 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

13.    The allegations in paragraph 13 constitute legal argument and conclusions of law to which no response is required.

14.    The allegations in paragraph 14 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

15.    The allegations in paragraph 15 constitute plaintiff's characterization of their case to which no response is required.  To the extent a response is required, admits the allegations to

the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

16. The allegations in paragraph 16 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

17. The allegations in paragraph 17 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

18. Admits the allegations in paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

19. The allegations in the first sentence of paragraph 19 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the statute cited. Admits the remaining allegations in paragraph 19 to the extent supported by the proclamation and annexes cited, which are the best evidence of their contents; otherwise denies.

20. The allegations in paragraph 20 constitute legal argument, conclusions of law and plaintiffs' characterization of their case, to which no response is required.

21. Admits the allegations in the first sentence of paragraph 21 to the extent supported by the case cited, which is the best evidence of its contents; otherwise denies. The remaining allegations in paragraph 21 constitute legal argument and conclusions of law to which no response is required.

22. The allegations in the first sentence of paragraph 22 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is

required.  Admits the remaining allegations in paragraph 22 to the extent supported by the case cited, which is the best evidence of its contents; otherwise denies.

23.    The allegations in paragraph 23 constitute legal argument and conclusions of law to which no response is required.

24.    The allegations in paragraph 24 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, denies that plaintiffs are entitled to relief sought in paragraph 24, or any relief whatsoever.

25.    Admits the allegations in the first and second sentences of paragraph 25.  The remaining allegations in paragraph 25 constitute conclusions of law to which no response is required.

26.    Admits the allegations in the first and second sentences of paragraph 26.  The remaining allegations in paragraph 26 constitute conclusions of law to which no response is required.

27.    Admits the allegations in the first and second sentences of paragraph 27.  The remaining allegations in paragraph 27 constitute conclusions of law to which no response is required.

28.    Admits the allegations in paragraph 28.

29.    Admits the allegations in the first and second sentences of paragraph 29.  The remaining allegations in paragraph 29 constitute conclusions of law to which no response is required.

30.    Admits the allegations in the first sentence of paragraph 30.  Admits the allegation in the second sentence that William Tong is the Attorney General of the State of Connecticut.

The remaining allegations in paragraph 30 constitute conclusions of law to which no response is required.

31. Admits the allegations in the first and second sentences of paragraph 31. The remaining allegations in paragraph 31 constitute conclusions of law to which no response is required.

32. Admits the allegations in the first sentence of paragraph 32. The remaining allegations in paragraph 32 constitute conclusions of law to which no response is required.

33. Admits the allegations in the first sentence of paragraph 33. The remaining allegations in paragraph 33 constitute conclusions of law to which no response is required.

34. Admits the allegations in the first and second sentences of paragraph 34. The remaining allegations in paragraph 34 constitute conclusions of law to which no response is required.

35. Admits the allegations in paragraph 35.

36. Admits the allegations in the first sentence of paragraph 36. The remaining allegations in paragraph 36 constitute conclusions of law to which no response is required.

37. Admits the allegations in paragraph 37.

38. Admits the allegations in the first sentence of paragraph 38. Admits the allegation in the second sentence that Keith Ellison is the Attorney General of the State of Minnesota. The remaining allegations in paragraph 38 constitute conclusions of law to which no response is required.

39. Admits the allegations in the first sentence of paragraph 39. The remaining allegations in paragraph 39 constitute conclusions of law to which no response is required.

40.    Admits the allegations in the first sentence of paragraph 40.  Admits the allegation in the second sentence of paragraph 40 that Jennifer Davenport is the Attorney General of the State of New Jersey.  The remaining allegations in paragraph 40 constitute conclusions of law to which no response is required.

41.    Admits the allegations in the first sentence of paragraph 41.  Admits the allegation in the second sentence of paragraph 41 that Raúl Torrez is the Attorney General of the State of New Mexico.  The remaining allegations in paragraph 41 constitute conclusions of law to which no response is required.

42.    Admits the allegations in paragraph 42.

43.    Admits the allegations in the first sentence of paragraph 43.  The remaining allegations in paragraph 43 constitute conclusions of law to which no response is required.

44.    Admits the allegations in paragraph 44.

45.    Admits the allegations in the first sentence of paragraph 45.  Admits the allegation in the second sentence of paragraph 45 that Charity Clark is the Attorney General of the State of Vermont.  The remaining allegations in paragraph 45 constitute conclusions of law to which no response is required.

46.    Admits the allegations in the first and second sentences of paragraph 46.  The remaining allegations in paragraph 46 constitute conclusions of law to which no response is required.

47.    Admits the allegations in the first sentence of paragraph 47.  Admits the allegation in the second sentence that Nicholas W. Brown is the Attorney General of the State of Washington.  The remaining allegations in paragraph 47 constitute conclusions of law to which no response is required.

48.    Admits the allegations in the first and second sentences of paragraph 48.  The remaining allegations in paragraph 48 constitute conclusions of law which do not require a response.

49.    Admits the allegations in the first sentence of paragraph 49.  The remaining allegations in paragraph 49 constitute conclusions of law which do not require a response.

50.    The allegations in paragraph 50 constitute legal argument and conclusions of law to which no response is required.

51.    Admits the allegations in paragraph 51.

52.    Denies the allegations in paragraph 52; avers that Markwayne Mullin is currently the Secretary of Homeland Security.

53.    Admits the allegations in paragraph 53.

54.    Admits the allegations in the first sentence of paragraph 54; the remaining allegations in paragraph 54 constitute conclusions of law to which no response is required.

55.    The allegations in paragraph 55 constitute conclusions of law to which no response is required.

56.    The allegations in paragraph 56 constitute legal argument and conclusions of law to which no response is required.

57.    The allegations in paragraph 57 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

58.    The allegations in paragraph 58 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

59. The allegations in paragraph 59 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

60. The allegations in paragraph 60 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

61. Admits the allegations in paragraph 61 to the extent supported by the Act cited, which is the best evidence of its contents; otherwise denies.

62. Admits the allegations in the first paragraph 62 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies. The remaining allegations in paragraph 62 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

63. The allegations in paragraph 63 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

64. The allegations in paragraph 64 constitute legal argument, conclusion of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

65. The allegations in paragraph 65 constitute legal argument and conclusions of law to which no response is required.

66. The allegations in paragraph 66 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

67. Admits the allegations in paragraph 67 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

68. Admits the allegations in the first sentence of paragraph 68 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies. The remaining allegations in paragraph 68 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

69. The allegations in paragraph 69 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

70. The allegations in paragraph 70 constitute legal argument and conclusions of law to which no response is required.

71. The allegations in paragraph 71 constitute legal argument and conclusions of law to which no response is required.

72. The allegations in paragraph 72 constitute legal argument and conclusions of law to which no response is required.

73. The allegations in paragraph 73 constitute legal argument and conclusions of law to which no response is required.

74. The allegations in paragraph 74 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required.

75. The allegations in paragraph 75 constitute legal argument and conclusions of law to which no response is required.

76. The allegations in paragraph 76 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

77. Admits the allegations in paragraph 77 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

78. The allegations in paragraph 78 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

79. Admits the allegations in paragraph 79 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

80. The allegations in paragraph 80 constitute legal argument, conclusions of law, and plaintiff's characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

    a. Admits the allegations in subparagraph (a) to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

b. Admits the allegations in the first sentence of subparagraph (b) to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.  The remaining allegations in subparagraph (b) constitute legal argument, conclusions of law, and plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

c. Admits the allegations in subparagraph (c) to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

d. Admits the allegations in the first sentence of subparagraph (d) to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.  The remaining allegations in subparagraph (d) constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

81. Admits the allegations in paragraph 81 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

82. The allegations in paragraph 82 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

83.    The allegations in paragraph 83 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

84.    The allegations in the first and second sentences of paragraph 84 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.  Admits the remaining allegations in paragraph 84 to the extent supported by the brief cited, which is the best evidence of its contents; otherwise denies.

85.    The allegations in paragraph 85 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

86.    The allegations in paragraph 86 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

87.    The allegations in paragraph 87 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, admits to the extent supported by the statutes and proclamations cited, which are the best evidence of their contents; otherwise denies.

88.    The allegations in paragraph 88 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a

response is required, admits to the extent supported by the statute and proclamation cited, which are the best evidence of their contents; otherwise denies.

89.    The allegations in paragraph 89 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

90.    The allegations in the first sentence of paragraph 90 constitute legal argument and conclusions of law to which no response is required.  Admits the remaining allegations in paragraph 90 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

91.    Admits the allegations in paragraph 91 to the extent supported by the message cited, which are the best evidence of its contents; otherwise denies.

92.    Admits the allegations in paragraph 92 to the extent supported by the message cited, which is the best evidence of its contents; otherwise denies.

93.    The allegations in paragraph 93 constitute conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

94.    The allegations in paragraph 94 constitute legal argument and conclusions of law to which no response is required; to the extent a response is required, admits to the extent supported by the cases cited, which are the best evidence of their contents; otherwise denies.

95.    The allegations in the first sentence of paragraph 95 constitute legal argument and plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their

14

truth. The remaining allegations in paragraph 95 constitute legal argument and conclusions of law to which no response is required.

96.     The allegations in the first sentence of paragraph 96 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth. Admits the remaining allegations in paragraph 96 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies.

97.     The allegations in the first, second, and fourth sentences of paragraph 97 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law. Admits the remaining allegations in paragraph 97 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies.

98.     The allegations in paragraph 98 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

99.     The allegations in paragraph 99 constitute plaintiffs' characterization of their case to which no response is required; to the extent a response is required, denies for lack of knowledge or information sufficient to form a belief as to their truth.

100.    Defendants' responses to paragraphs 1 through 99 of the complaint are incorporated by reference.

101.  The allegations in paragraph 101 constitute legal argument and conclusions of law to which no response is required.

102.  Admits the allegations in paragraph 102 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

103.  The allegations in paragraph 103 constitute legal argument and conclusions of law to which no response is required.

104.  The allegations in paragraph 104 constitute legal argument, conclusions of law, and plaintiffs' characterization of their case, to which no response is required; to the extent a response is required, denies and submits that the denial is immaterial as the case solely presents questions of law.

105.  The allegations in paragraph 105 constitute legal argument and conclusions of law to which no response is required.

106.  The allegations in the first and third sentences of paragraph 106 constitute legal argument and conclusions of law to which no response is required.  Admits the remaining allegations in paragraph 106 to the extent supported by the proclamation cited, which is the best evidence of its contents; otherwise denies.

107.  The allegations in paragraph 107 constitute legal argument and conclusions of law to which no response is required.

108.  The allegations in paragraph 108 constitute legal argument and conclusions of law to which no response is required.

109.  Defendants' responses to paragraphs 1 through 108 of the complaint are incorporated by reference.

110.  The allegations in paragraph 110 constitute legal argument and conclusions of law to which no response is required.

111.  The allegations in paragraph 111 legal argument and conclusions of law to which no response is required.

112.  The allegations in paragraph 112 constitute legal argument and conclusions of law to which no response is required.

113.  The allegations in paragraph 113 constitute legal argument and conclusions of law to which no response is required.

114.  Defendants' responses to paragraphs 1 through 113 of the complaint are incorporated by reference.

115.  The allegations in paragraph 115 constitute legal argument and conclusions of law to which no response is required.

116.  The allegations in paragraph 116 constitute legal argument and conclusions of law to which no response is required.

117.  The allegations in paragraph 117 constitute legal argument and conclusions of law to which no response is required.

118.  The allegations in paragraph 118 constitute legal argument and conclusions of law to which no response is required.

119.  The allegations in paragraph 119 constitute conclusions of law to which no response is required.

120.  The allegations in paragraph 120 constitute legal argument and conclusions of law to which no response is required.

121.  Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 120, or to any relief whatsoever.

122.  Denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/Claudia Burke
CLAUDIA BURKE
Deputy Director
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 353-9063
Claudia.Burke@usdoj.gov

Dated: April 3, 2026                    *Attorneys for Defendants*