Slip Op. 26-53

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| THE STATE OF WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, ET AL., <br><br> Defendants. | Before: Mark A. Barnett, Claire R. Kelly, and Timothy C. Stanceu, Judges <br><br> Court No. 26-01472-3JP |
| BURLAP AND BARREL, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, ET AL., <br><br> Defendants. | Before: Mark A. Barnett, Claire R. Kelly, and Timothy C. Stanceu, Judges <br><br> Court No. 26-01606-3JP |

## OPINION AND ORDER

[Denying Defendants' motion for a stay of enforcement of the judgment pending appeal.]

Dated: May 20, 2026

Freeman E. Halle, Assistant Attorney General, Office of the Washington State Attorney General, for Plaintiff The State of Washington. Also on the brief were Nicholas W. Brown, Attorney General, and Todd Sipe, Assistant Attorney General.

Jeffrey M. Schwab, Reilly W. Stephens, and James McQuaid, Liberty Justice Center, of Austin, TX, for Plaintiffs Burlap and Barrel, Inc., and Basic Fun, Inc.

Claudia Burke, Deputy Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendants United States, Donald J. Trump, in his official capacity as President of the United States, Department of Homeland Security, Markwayne Mullin, in his official capacity as Secretary of the Department of Homeland Security, United States Customs and Border Protection,

Court Nos. 26-01472 & 26-01606                                                    Page 2

Rodney S. Scott, in his official capacity as Commissioner of United States Customs and Border Protection, the Executive Office of the President, Jamieson Greer, in his official capacity as United States Trade Representative, and the Office of the United States Trade Representative.  Also on the brief were Brett A. Shumate, Assistant Attorney General, Eric J. Hamilton, Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Justin R. Miller, Attorney-In-Charge, International Trade Field Office.

Barnett, Chief Judge: Plaintiffs[1] in these companion cases contested the imposition of duties pursuant to Proclamation No. 11012, *Imposing a Temporary Import Surcharge to Address Fundamental International Payments Problems* (Feb. 20, 2026), 91 Fed. Reg. 9339 (Feb. 25, 2026) ("Proclamation No. 11012"), which invoked Section 122 of the Trade Act of 1974, 19 U.S.C. § 2312.  *See* Compl. (Mar. 5, 2026), ECF No. 2, Ct. No. 26-01472; Compl. (Mar. 9, 2026), ECF No. 2, Ct. No. 26-01606.  Defendants move for a stay of enforcement of the court's judgment in these cases pending appeal to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit" or "CAFC").  Mot. for a Stay of Enforcement of J. Pending Appeal ("Defs.' Mot."), ECF No. 53, Ct. No. 26-01472;[2] *see also Oregon v. United States*, Slip Op. 26-47, 2026 WL 1257669 (CIT May

---

[1] Plaintiff The State of Washington in Court No. 26-01472 is referred to as "State Plaintiff."  The plaintiffs in Court No. 26-01606, referred to as "Private Plaintiffs," are Burlap and Barrel, Inc. ("Burlap and Barrel") and Basic Fun, Inc. ("Basic Fun").  The court refers to the State Plaintiff and the Private Plaintiffs collectively as "Plaintiffs."
[2] Defendants attached three declarations to their motion.  *See* Decl. of Amb. Jamieson Lee Greer, U.S. Trade Representative, ECF No. 53-1; Decl. of Howard W. Lutnick, U.S. Sec'y of Commerce, ECF No. 53-2; Decl. of Brandon Lord, ECF No. 53-3.  The motion and declarations are also filed in Court No. 26-01606 at ECF Nos. 42, 42-1–42-3.

Court Nos. 26-01472 & 26-01606                                          Page 3

7, 2026);[3] J., ECF No. 50.[4]  Plaintiffs oppose the motion.  Pl. States' Resp. to Defs.'

Mot. to Stay ("State Pl.'s Resp."), ECF No. 59; Pls.' Resp. in Opp'n to Defs.' Mot. for a

Stay of Enforcement of J. Pending Appeal ("Priv. Pls.' Resp."), ECF No. 47.  For the

following reasons, the court denies the motion.

### BACKGROUND

The court presumes familiarity with the background set forth in *Oregon* and

supplements the background herein as necessary.  On May 7, 2026, the court granted

Plaintiffs' motions for summary judgment with respect to Private Plaintiffs and the State

of Washington.  *Oregon*, 2026 WL 1257669, at *23; *see also id.* at *23–35 (Stanceu, J.,

dissenting).  The court's judgment declared Proclamation No. 11012 "invalid as contrary

to law," permanently enjoined Proclamation No. 11012 "with respect to The State of

Washington (and its Instrumentalities), Burlap and Barrel, Inc., and Basic Fun, Inc. (the

Importer Plaintiffs as defined in the court's accompanying opinion)," and required

Defendants to implement the permanent injunction within five days.  J. at 1–2.  The

court also ordered "Section 122 duties paid by Importer Plaintiffs before this injunction is

fully implemented" to be "refunded with interest as provided by law."  *Id.*

---

[3] Defendants are referred to collectively as "the Government" and otherwise listed in *Oregon*.  In *Oregon*, the court dismissed all state plaintiffs except the State of Washington for lack of Article III standing.  2026 WL 1257669, at *9–11, *23.  While those states signed the response brief, the court does not list them here in light of their dismissal from the action.

[4] Citations to documents filed by State Plaintiff identify the ECF Nos. in Ct. No. 26-01472, and citations to documents filed by Private Plaintiffs identify the ECF Nos. in Ct. No. 26-01606.  For documents filed on both case dockets, the court references the ECF Nos. in Ct. No. 26-01472.

Court Nos. 26-01472 & 26-01606                                            Page 4

Defendants appealed this court's judgment on May 8, 2026.  Defs.' Notice of

Appeal, ECF No. 51.  On May 11, 2026, Defendants filed the instant motion.

Defendants also requested an immediate administrative stay and a stay pending

conclusion of the appeal from the Federal Circuit.  *See* Order from CAFC (May 12,

2026) ("CAFC Admin. Stay"), ECF No. 54 (order from the Federal Circuit docketed

herein).  The Federal Circuit granted Defendants' "requests for an immediate

administrative stay . . . to the extent that the judgment and the permanent injunction

entered by the CIT in these cases are temporarily stayed until further notice while this

court considers the motions for a stay pending appeal" and set a briefing schedule on

the motion, *id.* at 3, which it subsequently revised, Order from CAFC (May 13, 2026),

ECF No. 56.  This court also set, and subsequently revised, a response deadline for

Plaintiffs.  Order (May 12, 2026), ECF No. 55; Order (May 13, 2026), ECF No. 57.

Plaintiffs timely filed their respective responses.  *See* State Pl.'s Resp.; Priv. Pls.' Resp.

**JURISDICTION AND STANDARD OF REVIEW**

The court exercises subject-matter jurisdiction pursuant to 28 U.S.C.

§ 1581(i)(1)(B) (2018 & Supp. II 2022).  *See Oregon*, 2026 WL 1257669, at *7.  While

the court has discretion to stay the enforcement of a judgment pending appeal pursuant

to U.S. Court of International Trade ("CIT") Rule 62(d),[5] "[a] stay is an 'intrusion into the

---

[5] Rule 62(d) states, *inter alia*, that "[w]hile an appeal is pending from [a] . . . final
judgment that grants . . . an injunction, the court may suspend . . . an injunction on
terms for bond or other terms that secure the opposing party's rights."  CIT Rule 62(d).
The court may not, however, "require a bond, obligation, or other security from the
appellant when granting a stay on an appeal by the United States . . . ."  CIT Rule 62(e).
When "the judgment appealed from is rendered by a three-judge panel, the order [to

ordinary processes of administration and judicial review'" and is "not a matter of right."
*Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation omitted).  When deciding whether to
grant the motion, the court considers "(1) whether the stay applicant has made a strong
showing that [it] is likely to succeed on the merits; (2) whether the applicant will be
irreparably injured absent a stay; (3) whether issuance of the stay will substantially
injure the other parties interested in the proceeding; and (4) where the public interest
lies."  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  "The first two considerations 'are
the most critical,' and the party requesting a stay bears the burden of showing that the
circumstances justify an exercise of the court's discretion."  *Transpacific Steel LLC v.
United States*, 44 CIT __, __, 474 F. Supp. 3d 1332, 1337 (2020) (quoting *Nken*, 556
U.S. at 433–35).

## DISCUSSION

### I.    Irreparable Harm[6]

This court entered an injunction barring the Government from collecting Section
122 duties only from the three successful Importer Plaintiffs and ordered the

---

suspend the injunction] must be made either: (1) by that court sitting in open session; or
(2) by the assent of all its judges, as evidenced by their signatures."  CIT Rule 62(d).
[6] While the court addresses Defendants' irreparable harm argument for the sake of
completeness, the motion could be summarily denied without prejudice based on the
absence of harm due to the Federal Circuit's administrative stay.  That administrative
stay will remain in place pending the appellate court's consideration of the
Government's motion.  *See* CAFC Admin. Stay at 3 ("The requests for an immediate
administrative stay are granted . . . until further notice while this court considers the
motions for a stay pending appeal.").  Thus, Defendants face no possibility of harm,
irreparable or otherwise, unless or until the Federal Circuit denies the Government's
motion.

Government to refund any Section 122 duties the Importer Plaintiffs paid before the injunction went into effect.  J. at 1–2.  Defendants' assertions of irreparable harm, broadly framed as harm to the President's ability to conduct trade negotiations, manage foreign affairs, and address the U.S. balance-of-payments position, *see* Defs.' Mot. at 5–7, fail to address the limited nature of this injunction applicable "to one spice importer, one toy company, and one state government whose state universities pay tariffs directly," State Pl.'s Resp. at 4–5.  The Government's reliance on a claimed "intrusion on the President's conduct of foreign affairs," Defs.' Mot. at 5, also fails to acknowledge Congress's constitutional role in the imposition of taxes and duties, *see Oregon*, 2026 WL 1257669, at *2, *12 (citing U.S. Const. art. I, § 8, cl. 1); Priv. Pls.' Resp. at 7, or the Judiciary's role in "protect[ing] Congress's constitutional authority from executive incursion," State Pl.'s Resp. at 4; *see also* U.S. Const. art III, § 1.  On these bases alone, Defendants fail to persuade the court that forgoing the collection of Section 122 duties from the three successful Importer Plaintiffs will cause the Government irreparable harm.[7]

Defendants further argue that even if they prevail on appeal, they may never recover the duties that otherwise would have been collected during the 150-day period of applicability of Proclamation No. 11012.  *See* Defs.' Mot. at 8.  This court's judgment

---

[7] Moreover, as Plaintiffs point out, "a stay would not significantly enhance the President's negotiating position or his leverage" because "foreign counterparts are aware that the tariffs have been held unlawful and may not endure."  Priv. Pls.' Resp. at 9; *see also* State Pl.'s Resp. at 5 (arguing the Government's concerns are not "resolved by a stay" because it is the court's "thorough *reasoning*—not the relief it ordered—that undermines the expectation that the Section 122 tariffs will withstand legal scrutiny").

required U.S. Customs and Border Protection ("CBP") to effectuate the permanent injunction, not the refunds, within five days.  J. at 2.  Refunds in the normal course of liquidation are thus consistent with the Judgment.[8]  Moreover, the court's judgment did not constrain CBP's authority to "extend the 1-year statutory period for liquidation for an additional period not to exceed 1 year" if CBP needs additional information "for the proper appraisement or classification of the merchandise."  19 C.F.R. § 159.12(a)(1)(i).  CBP may extend liquidation for up to three years.  *Id.* § 159.12(e).  Thus, CBP can ensure its ability to collect Section 122 duties if Defendants prevail, and any concerns about nonpayment are speculative.[9]

Defendants next assert that "the injunction would cripple CBP's ability to function at a particularly critical time" given the steps involved in reprogramming its automated system of record for imported merchandise, the anticipated "flood" of additional cases seeking injunctive relief, and the unworkability of extending the time period for the liquidation of millions of entries ultimately subject to Section 122 duties.  Defs.' Mot. at 9–10.  Again, Defendants' concerns are purely speculative.  As of this date, the above-

[8] Refunds in the normal course of liquidation obviate Defendants' suggestion that Rule 62(b) and (e) should be read together to permit an automatic stay of the refund portion of the judgment without a bond or other security from the Government.  Defs.' Mot. at 8–9 (citing *Transpacific Steel LLC v. United States*, 840 F. App'x 517 (Fed. Cir. 2020) (Taranto, J. dissenting).  In any event, this court and the *Transpacific* majority rejected that argument.  *Id.* at 518–19 & n.1; *Transpacific Steel LLC*, 474 F. Supp. 3d at 1336–38.  Beyond conclusory assertions, the Government offers no reasons for now adopting a different view.  *See* Defs.' Mot. at 8–9 (pointing to the *Transpacific* dissent without explaining why that view should prevail).
[9] CBP's ability to extend liquidation obviates the need to resolve Defendants' concern about whether the 150-day clock for collecting Section 122 duties would be tolled.  *See* Defs.' Mot. at 7.

captioned cases are the only cases challenging the imposition of duties in Proclamation

No. 11012.  The court will not constrain the relief available to the three successful

Importer Plaintiffs based only on speculation.[10]  If the court is faced with additional

cases challenging the imposition of Section 122 duties pursuant to Proclamation No.

11012, the court will determine whether any specific case management procedures or

other forms of relief are required based on the facts at that time.

## II.    Injury to Importer Plaintiffs

Defendants dismiss the possibility of harm to the three Importer Plaintiffs as mere

delay in obtaining the return of Section 122 duty deposits, arguing that "[t]his harm is, by

definition, not irreparable."  Defs.' Mot. at 11–12.  "Irreparable harm" to Plaintiffs is not

the standard; rather, the court weighs the likelihood of substantial injury to the other

parties to the proceeding, i.e., the Importer Plaintiffs.  *See Hilton*, 481 U.S. at 776.  It is

difficult to see how continuing to pay unlawful Section 122 duties to the Government

only to wait months, if not years, for any refund would not qualify as substantial injury.

Moreover, Defendants fail to address the court's additional reasons for entering a

permanent injunction in the first instance.  *See Oregon*, 2026 WL 1257669, at *21–22.

A stay will compound the losses, such as "lost profits and damage to business

---

[10] The same is true with respect to Defendants' assertion that the injunction "threatens CBP's ongoing efforts to effectuate the Supreme Court's decision" in *Learning Resources, Inc. v. Trump*, 146 S. Ct. 628 (2025), by diverting resources from the refund process for tariffs imposed pursuant to the International Emergency Economic Powers Act ("IEEPA").  Defs.' Mot. at 11.  That argument posits that the court should grant Defendants relief because CBP is busy setting up a system to refund another set of unlawful tariffs.  Defendants disregard the harm to importers that have been required to pay both sets of unlawful duties, only to wait months for a refund.

relationships, investments, and innovation" as a result of the Section 122 tariffs. *Id.* at *22; *see also* Priv. Pls.' Resp. at 4.

### III.    Public Interest

Regarding the public interest, Defendants identify the need for the President to address "threats to the United States' economy, military preparedness, and national security." Defs.' Mot. at 12.[11] For that proposition the Government cites *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008), *see* Defs.' Mot. at 12, when the Supreme Court concluded that a preliminary injunction burdened "the [U.S.] Navy's ability to conduct realistic training exercises" with a resulting "adverse impact on the public interest in national defense," *Winter*, 555 U.S. at 24. The Government also cites *PrimeSource Building Products, Inc. v. United States*, 45 CIT __, __, 535 F. Supp. 3d 1327, 1335 (2021). *See* Defs.' Mot. at 12. There, the court granted the Government's motion for a partial stay of the judgment based, in part, on intervening appellate authority and the need for "due consideration" to the Government's corresponding "potential claim to the revenue." *PrimeSource*, 535 F. Supp. 3d at 1335. Neither circumstance is present here. Furthermore, "Section 122 is not triggered by

---

[11] In pointing to "the national emergency and national security harms that the tariffs were designed to protect against," Defs.' Mot. at 12, the Government reasserts an argument presented in the litigation involving its duties under IEEPA, *see* Mot. for a Stay of Enforcement of J. Pending Appeal at 9–10, *V.O.S. Selections, Inc. v. United States*, Ct. No. 25-00066 (CIT May 28, 2025), ECF No. 59 (referencing "the national emergency and national security objectives that the tariffs were designed to protect"). The Government, however, does not indicate the national emergency or national security concerns it seeks to raise here. More importantly, this argument, loosely tied to protecting the public fisc, ignores the limited nature of the permanent injunction.

generalized appeals to 'economic and national security interests,'" Priv. Pls.' Resp. at 7, and as such, these generalized concerns are also not a basis to stay this court's judgment.

Defendants assert that "there is a strong public interest in allowing the Executive Branch to implement administration policies." Defs.' Mot. at 7 (citing *Trump v. Orr*, 146 S. Ct. 44, 46 (2025); *Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025)). *Orr* and *CASA*, however, are distinguishable. *Orr* considered a stay motion in the context of class-wide relief. 146 S. Ct. at 46 (citing *CASA*, 606 U.S. at 831, 861). *CASA* addressed the issue of universal preliminary injunctions. 606 U.S. at 838. The relevant discussion in *CASA*, cited in *Orr*, emphasized the universal nature of the injunctive relief granted by the lower courts, finding irreparable harm from the lower courts' respective entries of a universal injunction "that likely exceed[ed] the authority conferred by the Judiciary Act," distinct from any harm arising from the restraint of an Executive policy. *Id.* at 859–60. In *Oregon*, this court declined to enter a universal injunction and instead granted importer-specific relief. 2026 WL 1257669, at *21–23. Thus, the harms claimed in *CASA* and *Orr* are not present here. Additionally, as previously stated, it is Congress that possesses inherent constitutional authority to impose tariffs, U.S. Const. art. I, § 8, and it is thus "up to Congress, not the [Executive], to decide whether the public interest merits further action" in response to well-intended but unlawful executive action, *Ala. Ass'n of Realtors v. U.S. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (vacating a stay of a judgment holding unlawful a COVID-era eviction moratorium); *see also Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 582, 585–86 (1952)

Court Nos. 26-01472 & 26-01606                                          Page 11

(finding an executive action unlawful due to a lack of congressional authorization, despite the President's finding that the "action was necessary to avert a national catastrophe").

### IV.   Likelihood of Success on the Merits[12]

Defendants address the likelihood of success on the merits last, Defs.' Mot. at 13–15, even though it is one of the two "most critical," *Nken*, 556 U.S. at 434.  Aside from recounting arguments that the *Oregon* majority rejected, Defendants contest the court's reliance on legislative history.  Defs.' Mot. at 14 (arguing "legislative history is not the law" (quoting *Azar v. Allina Health Servs.*, 587 U.S. 566, 579 (2019))).  However, in *Azar*, the Supreme Court rejected the Government's reliance on "ambiguous" legislative history when the statutory text "clearly foreclose[d] the government's position."  587 U.S. at 580.  Here, the statute does not expressly define "balance-of-payments deficits." *Oregon*, 2026 WL 1257669, at *13–16.  Thus, Defendants' motion for a stay of enforcement of the court's judgment is denied.

---

[12] Judge Stanceu does not join in this section of the opinion for the reasons articulated in his dissent in *Oregon*.  However, Judge Stanceu concurs in the denial of the government's motion for a stay of enforcement of the judgments pending appeal and agrees that the other three factors weigh decisively in favor of denying that motion.

Court Nos. 26-01472 & 26-01606                                    Page 12

### CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby **ORDERED** that Defendants' motion

for a stay of enforcement of the judgment pending appeal (ECF No. 53, Ct. No. 26-

01472; ECF No. 42, Ct. No. 26-01606) is **DENIED**.


                                    /s/    Mark A. Barnett
                                    Mark A. Barnett, Chief Judge

                                    /s/    Claire R. Kelly
                                    Claire R. Kelly, Judge

                                    /s/    Timothy C. Stanceu
                                    Timothy C. Stanceu, Judge


Dated: May 20, 2026
          New York, New York